1  Eugene Y. Mar (State Bar No. 227071)
   emar@fbm.com
2  Daniel C. Callaway (State Bar No. 262675)
   dcallaway@fbm.com
3  Thomas J. Pardini (State Bar No. 313401)
   tpardini@fbm.comp
4  Victoria Constance Huang (State Bar No. 335557)
   vhuang@fbm.com
5  Farella Braun + Martel LLP
   One Bush Street, Suite 900
6  San Francisco, California 94104
   Telephone: (415) 954-4400
7  Facsimile: (415) 954-4480

8  Attorneys for Plaintiff GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE LLC, | Case No. 5:24-cv-2160 |
| Plaintiff, | **GOOGLE LLC'S COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT** |
| vs. | |
| SURENDRA GOEL, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |
| | Trial Date:    None Yet |

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

GOOGLE LLC'S COMPLAINT FOR
DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - Case No. 5:24-cv-2160

Plaintiff Google LLC ("Google"), for its complaint against Defendant Surendra Goel ("Goel"), alleges:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment of non-infringement of U.S. Patent No. 11,134,217 ("'217 Patent," attached as Exhibit 1) against Goel, pursuant to the Declaratory Judgment Act, 28 U.S.C. sections 2201-2202, and the patent laws of the United States, 35 U.S.C. section 1 *et seq.*, and for any and all other relief the Court deems just and proper.

2. Google requests this relief because Goel has asserted, *inter alia*, through the filing of an earlier lawsuit in this District (case no. 5:23-cv-05806-PCP) ("First Lawsuit") that the Google Meet technology, either alone or in combination with Google Assistant, (the "Accused Product") infringes the '217 Patent. *See* Exhibit 2 (Complaint for Patent Infringement, 5:23-cv-05806-PCP, Dkt. 1, and exhibits 13-14 thereto); Exhibit 3 (First Amended Complaint, 5:23-cv-05806-PCP, Dkt. 6, and exhibits 13-14 thereto); Exhibit 4 (Second Amended Complaint, 5:23-cv-05806-PCP, Dkt. 31, and exhibits 9-10 thereto).[1]

3. In addition to accusing Google of directly infringing the '217 Patent, Goel also alleged that Google induced customers to use the Accused Product and induced online retailers to market and sell the Accused Product. *See* Exhibit 2 at ¶¶ 28, 40, 43, 44, 45; Exhibit 3 at ¶¶ 28, 41, 44, 45, 46; Exhibit 4 at ¶¶ 26, 36, 39, 40, 41.

4. In response to Goel's series of complaints, Google informed Goel's counsel of the myriad reasons why Google did not infringe and why Goel's complaints failed to state a plausible claim for infringement. Google further requested that Goel dismiss the case with prejudice and/or provide Google with a covenant not to sue. On February 8, 2024, Goel voluntarily dismissed the First Lawsuit against Google without prejudice. *See* Exhibit 5 (Notice of Voluntary Dismissal, 5:23-cv-05806-PCP, Dkt. 36). By dismissing the case without prejudice, Goel provided no assurance against future lawsuits asserting the '217 Patent against Google or its partners or customers based on the Google Meet technology or Google Meet in combination with Google

---

[1] Although the document was titled "First Amended Complaint for Patent Infringement," (Dkt. 31 in case no. 5:23-cv-05806-PCP), it was actually Goel's third complaint filed in that case.

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

GOOGLE LLC'S COMPLAINT FOR
DECLARATORY JUDGMENT OF NON-
INFRINGEMENT - Case No. 5:24-cv-2160

2

Assistant. *Id.* ("All claims of infringement that Plaintiff raised or could have raised in this action are dismissed WITHOUT PREJUDICE.").

5. Google denies that it has infringed or is infringing any claim of the '217 Patent.

6. Therefore, an actual and justiciable controversy exists under 28 U.S.C. sections 2201-2202 between Google and Goel as to whether Google is infringing or has infringed the '217 Patent.

**THE PARTIES**

7. Plaintiff Google LLC is a subsidiary of Alphabet Inc. with its principal place of business located at 1600 Amphitheatre Parkway, Mountain View, California 94043. Google's mission is to organize the world's information and make it universally accessible and useful. Over the past two decades, in service of that mission, Google has become one of the world's most innovative technology companies.

8. Defendant Goel has averred in the First Lawsuit that he is an individual and resident of Virginia. *See* Exhibit 4 at ¶ 2.

**JURISDICTION AND VENUE**

9. Google files this Complaint against Goel pursuant to the patent laws of the United States, Title 35 of the United States Code, section 1 *et seq*., with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the federal courts of the United States, 28 U.S.C. sections 2201 and 2202.

10. This Court has subject matter jurisdiction over this action, which arises under the United States' patent laws, pursuant to 28 U.S.C. sections 1331, 1338(a), and 2201(a) and 35 U.S.C. section 1, *et seq*.

**I.     GOEL IS SUBJECT TO THE SPECIFIC JURISDICTION OF THIS COURT**

11. This Court has personal jurisdiction over Goel, pursuant to due process and/or the California Long Arm Statute based on Goel's purposeful direction of his patent enforcement activities with respect to the '217 Patent to companies having principal places of business and operations in this judicial district, including Google, Sanas.AI Inc. ("Sanas"), and Zoom Video Communications, Inc. ("Zoom"). Goel's filing of a lawsuit against Google, Sanas, and Zoom

alleging the infringement of the '217 Patent in this District; and the claims asserted herein arise out of or relate to activity by Goel within and directed at this forum. Further, the assertions of personal jurisdiction are reasonable and fair.

**A.     Goel Has Contacted Companies Based in California Seeking to Enforce the '217 Patent.**

12.     Goel has intentionally directed activities and communications relating to the '217 Patent to the State of California, both by availing himself of the courts in this District to file infringement lawsuits against companies located in this District, and by directly contacting representatives of companies whose principal place of business are in this District for the purpose of pressing his infringement claims.

<u>Google</u>

13.     Goel's counsel in the First Lawsuit has his only office in this District, and on information and belief, Goel's counsel works and resides in this District. *See* Exhibits 2-4 at caption. As Goel's legal representative, his counsel sent messages to officers or in-house attorneys of companies whose principal place of business is in this District, including Google, Sanas, and Zoom, regarding alleged infringement of the '217 Patent. For example, Goel's counsel sent a message to a Google in-house lawyer on or about November 6, 2023. *See* Exhibit 2 at ¶¶ 31-32; Exhibit 3 at ¶¶ 32-33; Exhibit 4 at ¶¶ 27-28. Goel was aware that Google maintains its headquarters in Mountain View, California, in this District, and averred as such in the First Lawsuit. *See* Exhibit 2 at ¶ 4; Exhibit 3 at ¶ 4; Exhibit 4 at ¶ 3.

<u>Sanas</u>

14.     On information and belief, Sanas is a corporation that has or previously had principal offices at 437 Lytton Ave Ste 200, Palo Alto, California 94301. Goel was aware that Sanas was based in this District and averred in the First Lawsuit that Sanas' principal place of business was at the same street address. *See* Exhibit 3 at ¶ 3.

15.     Goel averred in the First Lawsuit that he had contacted both the Chief Operating Officer and Chief Executive Officer of Sanas prior to filing the lawsuit concerning the '217 Patent. *See* Exhibit 2 at ¶¶ 29-30; Exhibit 3 at ¶¶ 30-31. On information and belief, both the Chief

Operating Officer and Chief Executive Officer of Sanas reside and work in this District.

Zoom

16. On information and belief, Zoom is a corporation that has or previously had principal offices at 55 Almaden Blvd, Ste 600, San Jose, California 95113. Goel was aware that Zoom was based in this District and averred in the First Lawsuit that Zoom's principal place of business was at the same street address. *See* Exhibit 4 at ¶ 9.

17. Goel averred in the First Lawsuit that he contacted both the Head of Patents at Zoom and the now-former General Counsel of Zoom prior to filing the lawsuit concerning the '217 Patent. *See* Exhibit 2 at ¶¶ 33-34; Exhibit 3 at ¶¶ 34-35; Exhibit 4 at ¶¶ 29-30. On information and belief, both individuals reside and work in this District.

18. Goel then filed the First Lawsuit in the Northern District of California, alleging that Google, Sanas, and Zoom each infringed the '217 Patent. To support his allegations regarding Google's, Sanas's, and Zoom's locations in California, Goel attached to the complaints in the First Lawsuit, images of webpages indicating that Google, Sanas, and Zoom were located in this District. *See* Exhibits 1-4 to Complaint for Patent Infringement, 5:23-cv-05806-PCP, Dkts. 1-1, 1-2, 1-3, 1-4; Exhibits 1-4 to First Amended Complaint, 5:23-cv-05806-PCP, Dkts. 6-1, 6-2, 6-3, 6-4; Exhibits 1-3 to Second Amended Complaint, 5:23-cv-05806-PCP, Dkts. 31-1, 31-2, 31-3.

19. Google's claim for a declaratory judgment of non-infringement arises out of or relates to Goel's activities to enforce and litigate the '217 Patent in California, as described above in Paragraphs 1-18.

20. Venue in this District is proper under 28 U.S.C. section 1391 because Google is headquartered here in Mountain View, and because Goel is subject to personal jurisdiction in this District, at least due to his First Lawsuit and his actions seeking to enforce the '217 patent in this District.

/ / /

/ / /

/ / /

## INTRADISTRICT ASSIGNMENT

21. Pursuant to Civil L.R. 3-2(c) and 3-5(b), this is an Intellectual Property Rights Action subject to assignment on a district-wide basis.

## FACTUAL BACKGROUND

22. On November 8, 2023, Goel sued Google, Sanas, and Zoom in this District. Specifically, Goel asserted against Google that its Google Meet technology, either alone or in combination with Google Assistant, infringes the '217 Patent. *See Goel v. Sanas AI et al.*, No. 5:23-cv-05806-PCP (N.D. Cal.).

23. In addition to asserting direct infringement claims against Google, Goel asserted that Google was liable for "inducing and contributing to others' infringement." *See* Exhibit 2 at ¶¶ 28, 40, 43, 44, 45; Exhibit 3 at ¶¶ 28, 41, 44, 45, 46; Exhibit 4 at ¶¶ 26, 36, 39, 40, 41. Indeed, Goel alleged that Google induced customers to use its allegedly infringing products and induced online retailers to market and sell the products. *See* Exhibit 2 at ¶ 44, Exhibit 3 at ¶ 45; Exhibit 4 at ¶ 40. In other words, Goel has accused Google's customers of directly infringing the '217 Patent. *See* Exhibit 2 at ¶43 ("Defendants have induced and continue to induce users and retailers of the Accused Products to directly infringe at least claims 1 and 2 of the '217 patent."); Exhibit 3 at ¶ 44 ("Defendants have induced and continue to induce users and retailers of the Accused Products to directly infringe at least claims 1 and 2 of the '217 patent."); Exhibit 4 at ¶ 39 ("Defendants have induced and continue to induce users and retailers of the Accused Products to directly infringe at least claims 1 and 2 of the '217 patent.").

24. In response to Goel's series of complaints, Google contacted Goel's counsel and informed him of the myriad reasons why Google did not infringe and why Goel's complaints failed to state a plausible claim for infringement. Google further requested that Goel dismiss the case with prejudice and/or provide Google with a covenant not to sue. On February 8, 2024, Goel voluntarily dismissed the First Lawsuit against Google without prejudice. *See* Exhibit 5. Although Google asked Goel to dismiss his case with prejudice, Goel refused and instead dismissed the case without prejudice, providing no assurance against future lawsuits asserting the '217 Patent against Google and its partners and customers based on Google Meet. *Id.* ("All claims of infringement that

1 Plaintiff raised or could have raised in this action are dismissed WITHOUT PREJUDICE.").

2   25. As this express refusal to dismiss with prejudice demonstrates, Goel has engaged in a course of conduct that shows an ongoing preparedness and a willingness to enforce the '217 Patent against Google and its customers and partners based on Meet. Thus, there is substantial risk that Google and its customers and partners will face harm from further assertions of the '217 Patent against Meet.

  26. Google Meet does not directly or indirectly infringe any claim of the '217 Patent asserted by Goel in the infringement lawsuit, either literally or under the doctrine of equivalents. Google has not caused, directed, requested, or facilitated any such infringement, and never had any specific intent to do so.

## COUNT I:

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '217 PATENT

  27. Google hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 26 of this Complaint as if fully set forth herein.

  28. Goel claims to own all right, title, and interest in the '217 Patent.

  29. In his infringement lawsuit against Google, Goel alleged that the Accused Product infringes the '217 Patent. *See*, e.g., Exhibit 2 at ¶¶ 12, 44; Exhibit 3 at ¶¶ 12, 45; Exhibit 4 at ¶¶ 10, 40.

  30. The Accused Product does not practice or include multiple limitations of the claims of the '217 Patent, including, but not limited to, having:

   a. an option to modify an accent of a user from an original accent to a preferred accent of another user;

   b. an option to merge live video streams of each user into one viewable stream such that each user appears sitting next to each other with a variety of possible backgrounds and seats;

   c. an option for each user to display a video on loop instead of the user's realtime video, so that the other users only see the video on loop and do not see the user's realtime video;

1         d.    the option to merge live video streams of each user into one viewable stream such that each user appears sitting next to each other with the following potential backgrounds and seats:

                i.    couch, wherein the couch is of a color selected by a user;

                ii.    seats around a rectangular conference table, wherein the table is of a color selected by a user;

                iii.    seats around a circular conference table, wherein the table is of a color selected by a user;

                iv.    seats in a movie theater, wherein the seats are of a color selected by a user;

                v.    seats around a patio table outdoors, wherein the patio table can be transparent or a color selected by a user;

                vi.    seats around a table, wherein the images of the seats and table have been uploaded by a user because a user wants customized images of seats and tables.

        e.    an option of modifying an accent of a user from an original accent to a preferred accent of another user;

        f.    an option of merging live video streams of each user into one viewable stream such that each user appears sitting next to each other with a variety of possible backgrounds and seats;

        g.    an option for each user to choose the frame that each user is displayed in, such that the user is not stuck in a frame that the user does not want to be in;

        h.    an option for each user to display a video on loop instead of the user's realtime video, so that the other users only see the video on loop and do not see the user's realtime video;

        i.    the option of merging live video streams of each user into one viewable stream such that each user appears sitting next to each other with the following potential backgrounds and seats:

      i.    couch, wherein the couch is of a color selected by a user;

      ii.    seats around a rectangular conference table, wherein the table is of a color selected by a user;

      iii.    seats around a circular conference table, wherein the table is of a color selected by a user;

      iv.    seats in a movie theater, wherein the seats are of a color selected by a user;

      v.    seats around a patio table outdoors, wherein the patio table can be transparent or a color selected by a user;

      vi.    seats around a table, wherein the images of the seats and table have been uploaded by a user because a user wants customized images of seats and tables.

31. Google does not infringe literally or under the doctrine of equivalents any of the claims (claims 1–3) of the '217 Patent, directly or indirectly, contributorily or otherwise, through its own or its users' activities in conjunction with Google Meet.

32. As set forth above, an actual and justiciable controversy therefore exists between Google and Goel regarding whether the Accused Product infringes any of the claims of the '217 Patent. A judicial declaration is necessary to determine the parties' respective rights regarding the '217 Patent.

33. Google seeks a judgment declaring that Google does not directly or indirectly infringe any claims of the '217 Patent, either literally or under the doctrine of equivalents.

## **PRAYER FOR RELIEF**

WHEREFORE, Google prays for judgment as follows:

A. Declaring that Google Accused Product does not directly or indirectly infringe any claims of the '217 Patent, either literally or under the doctrine of equivalents;

B. Declaring that judgment be entered in favor of Google and against Goel on Google's claims;

C. Finding that this is an exceptional case under 35 U.S.C. section 285;

1  D. Awarding Google its costs and attorneys' fees in connection with this action; and

2  E. Awarding Google such other and further relief as the Court deems just and proper.

Dated: April 10, 2024                              FARELLA BRAUN + MARTEL LLP

By: _____
    Eugene Y. Mar

Eugene Y. Mar (State Bar No. 227071)
emar@fbm.com
Daniel C. Callaway (State Bar No. 262675)
dcallaway@fbm.com
Thomas J. Pardini (State Bar No. 313401)
tpardini@fbm.com
Victoria Constance Huang (State Bar No. 335557)
vhuang@fbm.com
Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Plaintiff GOOGLE LLC

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38 and Civil Local Rule 3-6, Google demands a jury trial on all issues and claims so triable.

Dated: April 10, 2024                              FARELLA BRAUN + MARTEL LLP

By: _____
    Eugene Y. Mar

Attorneys for Plaintiff GOOGLE LLC