Eugene Y. Mar (State Bar No. 227071)
emar@fbm.com
Daniel C. Callaway (State Bar No. 262675)
dcallaway@fbm.com
Thomas J. Pardini (State Bar No. 313401)
tpardini@fbm.com
Victoria Constance Huang (State Bar No. 335557)
vhuang@fbm.com
Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Plaintiff GOOGLE LLC

Karthik K. Murthy (State Bar No. 343960)
K@MurthyPatentLaw.com
MURTHY PATENT LAW INC.
3984 WASHINGTON BLVD. #324
FREMONT, CA 94538
Telephone: (425) 968-5342
Facsimile: (425) 215-0247

Attorneys for Defendant Surendra Goel

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE LLC,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SURENDRA GOEL,<br><br>　　　　Defendant. | Case No. 3:24-cv-02160-JD<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date:　　July 11, 2024<br>Time:　　10:00 a.m.<br>Crtrm.:　　11, Judge Donato |

Pursuant to the Court's Reassignment Order Setting CMC (Dkt. 13[1]), Standing Order for Civil Cases Before Judge James Donato, Standing Order for All Judges of the Northern District of California, Civil Local Rule 16-9, and Patent Local Rule 2-1(b), the parties hereby submit their Joint Case Management Statement.

As the parties were finalizing the joint case management conference addressing the issues required in the Court's Standing Order on Case Management Statements, Defendant Surendra Goel filed on July 2, 2024 an Answer to the First Amended Complaint, admitting that "Google does not infringe literally or under the doctrine of equivalents of claims 1-3 of the '217 Patent, directly or indirectly, contributorily or otherwise, through its own or its users' activities in

---

[1] Unless otherwise noted, all references to docket numbers refer to the docket in this action.

conjunction with any of its products." Dkt. 22 at ¶ 31.  This significant admission should resolve the primary issue between the parties, and the parties are attempting to work out a stipulated form of judgment.  However, in compliance with the Court's requirement for case management statements, the parties have filed this statement addressing all of the required sections.

The Parties expect to agree on a form of judgment and will endeavor to file a stipulated request for entry of judgment with the Court by July 19.  As a result, the parties propose that the Court vacate the Case Management Conference scheduled at 10:00 A.M. on July 11, 2024.

## I.    JURISDICTION AND SERVICE

This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201(a); and 35 U.S.C. section 1, *et seq.*  Defendant has received Google LLC's First Amended Complaint For Declaratory Judgment of Non-Infringement and has waived the service of a summons.

The parties do not dispute personal jurisdiction or venue.

## II.   FACTS

On November 9, 2023, Surendra Goel ("Goel") sued Google LLC ("Google") along with two other companies, Sanas.AI Inc. ("Sanas") and Zoom Video Communications, Inc. ("Zoom"), for patent infringement in this District.  Specifically against Google, Goel asserted that Google's products found on its websites and on third parties' websites, including Google Meet technology and "potentially other products," infringe U.S. Patent No. 11,134,217 ("'217 Patent").  *See Goel v. Sanas AI et al.*, No. 5:23-cv-05806-PCP (N.D. Cal.).  In addition to asserting direct infringement claims against Google, Goel asserted that Google was liable for "inducing and contributing to others' infringement."  Goel subsequently amended his complaint twice and repeated the same infringement assertions against Google in each complaint.

In response, Google informed Goel's counsel of the myriad reasons why Google did not infringe and why Goel's complaints failed to state a plausible claim for infringement.  Google requested that Goel dismiss the case with prejudice and/or provide Google with a covenant not to sue.  On February 8, 2024, Goel voluntarily dismissed the First Lawsuit against Google without

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] ORDER - Case No. 5:24-cv-02160-JD

2

44601\16907223.8

prejudice. By dismissing the case only without prejudice, Goel did not provide Google with any assurance against future lawsuits asserting the '217 Patent against Google and its partners and customers.

On April 10, 2024, Google filed this action against Goel for declaratory judgment of non-infringement. Dkt. 1. Google filed the First Amended Complaint ("FAC") on June 14, 2024. Dkt. 14. On June 20, 2024, after receiving the FAC, Goel's counsel waived the service of a summons. Dkt. 20. On July 2, 2024, Goel filed an Answer to the FAC, admitting that "Google does not infringe literally or under the doctrine of equivalents of claims 1-3 of the '217 Patent, directly or indirectly, contributorily or otherwise, through its own or its users' activities in conjunction with any of its products." Dkt. 22 at ¶ 31.

## III. LEGAL ISSUES

1. What form of judgment can be entered in favor of Google's Count I seeking declaratory judgment of non-infringement, including any disposition on attorneys' fees and costs;

## IV. MOTIONS

No motions are pending. The parties anticipate seeking a protective order governing the confidentiality of information in this matter, as well as an order governing the treatment of electronically stored information (ESI) in discovery if necessary.

Google anticipates moving for summary judgment and may file other dispositive and non-dispositive motions as the case progresses.

## V. AMENDMENT OF PLEADINGS

Google has amended its Complaint for Declaratory Judgment of Non-Infringement and does not anticipate further amending. Goel has filed an Answer to Google's First Amended Complaint. No amendments of the pleadings are anticipated.

## VI. EVIDENCE PRESERVATION

The parties have met and conferred, have reviewed the applicable preservation guidelines, and have taken measures to preserve relevant evidence. They will request entry of an ESI order if necessary.

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER - Case No. 5:24-cv-02160-JD

3

44601\16907223.8

## VII. DISCLOSURES

The parties will exchange Initial Disclosures by the deadline in the proposed schedule in Section XV below.

## VIII. DISCOVERY

The parties agree that discovery will be subject to the Standing Order for Discovery in Civil Cases Before Judge Donato.

### A. Discovery Taken to Date

The parties have not begun discovery. The parties agree to open discovery on the date identified in Section XV below.

### B. Scope of Anticipated Discovery

The parties intend to pursue discovery in the form of requests for production and things, interrogatories, requests for admission, depositions, and other forms of discovery authorized by the Federal Rules. It is anticipated that discovery will encompass the factual and legal issues identified in Sections II and III and the requested relief discussed herein.

### C. Limitations on Discovery

The Parties agree that documents created on or after the filing of the Complaint that are subject to a claim of attorney-client privilege, work product immunity, or any other privilege or immunity do not need to be included in the Parties' privilege logs. After the pleadings are set, the Parties may discuss additional limitations on discovery.

### D. Electronically Stored Information ("ESI")

Discovery of ESI will be subject to the Standing Order for E-Discovery and Email Discovery in Patent Cases Before Judge James Donato. The parties will request entry of an ESI order if necessary. The Parties further agree that they will meet and confer in good faith to ensure that the format of each Party's production is compatible with the technical requirements of the Receiving Party's document management system.

### E. Discovery Plan Under Rule 26(f)

Pursuant to Rule 26(f) and paragraph 8 of the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, the parties

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER - Case No. 5:24-cv-02160-JD

4

44601\16907223.8

propose the following discovery plan:

> **1.    Rule 26(f)(3)(A): What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The parties agree to comply with the initial disclosure requirement of Rule 26(a) according to the proposed schedule in Section XV below.

> **2.    Rule 26(f)(3)(B): The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

*See* Sections VIII.B and XV.

> **3.    Rule 26(f)(3)(C): Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

*See* Section VIII.D.

> **4.    Rule 26(f)(3)(D): Any issues about claims of privilege or of protection as trial-preparation materials, including—if the Parties agree on a procedure to assert these claims after production—whether to ask the Court to include their agreement in an order.**

The parties have agreed to meet and confer regarding a discovery order and protective order within 30 days of the commencement of discovery. The parties anticipate asking the Court to enter a stipulated Protective Order modeled after the Northern District's standard Protective Order in Patent cases. *See* Section VIII.C

> **5.    Rule 26(f)(3)(E): What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

*See* Section VIII.C.

> **6.    Rule 26(f)(3)(F): Any other orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c).**

At the present time, the parties do not request any other orders under Rule 26(c) or under Rule 16(b) and (c).

## IX.    CLASS ACTIONS

This is not a class action case.

## X.    RELATED CASES

The '217 Patent at issue in this case has also been asserted in the following cases, none of

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER - Case No. 5:24-cv-02160-JD

5

44601\16907223.8

which are currently pending in this Court:

- *Goel v. Sanas AI et al.*, No. 5:23-cv-05806-PCP (N.D. Cal) (terminated)
- *Goel v. Microsoft Corp.*, No. 2:23-cv-01752-JNW (W.D. Wash.)

Following Google's filing of the initial complaint for declaratory judgment in this action, Magistrate Judge Nathanael M. Cousins issued a *Sua Sponte* Judicial Referral for Purpose of Determining Relationship.  Dkt. 8.  Google subsequently filed its response in support of the referral in the infringement case, identifying Goel's affirmative case for infringement, which had been dismissed without prejudice.  *Goel v. Sanas AI et al.*, No. 5:23-cv-05806-PCP (N.D. Cal) at Dkt. 38.  Judge P. Casey Pitts determined that the cases did not satisfy the requirements of Local Rule 3-12 for relatedness.  Dkt. 12.

## XI.  RELIEF

Google requests that the Court grant judgment as follows:

- Declaring that all Google products do not directly or indirectly infringe any claim of the '217 Patent, either literally or under the doctrine of equivalents;
- Declaring that judgment be entered in favor of Google and against Goel on Google's claims;
- Finding that this is an exceptional case under 35 U.S.C. section 285;
- Awarding Google its costs and attorneys' fees in connection with this action; and
- Awarding Google such other and further relief as the Court deems just and proper.

Goel requests that the Court grant judgment as follows:

- Declaring that all Google products do not directly or indirectly infringe any claims of the '217 Patent, either literally or under the doctrine of equivalents;
- Finding that this is not an exceptional case under 35 U.S.C. section 285;
- Not awarding Google its costs and attorneys' fees in connection with this action.

## XII.  SETTLEMENT AND ADR

The parties have complied with ADR L.R. 3-5, discussed options for ADR, and filed ADR Certifications.  The parties intend to seek further guidance from the Court regarding ADR options at the Case Management Conference.

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER - Case No. 5:24-cv-02160-JD

6

44601\16907223.8

Case 3:24-cv-02160-JD   Document 23   Filed 07/05/24   Page 7 of 16

## XIII. OTHER REFERENCES

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XIV. NARROWING OF ISSUES

The parties will in good faith attempt to narrow the issues for trial.

## XV. SCHEDULING

| EVENT | Notes | PROPOSED DATE |
|---|---|---|
| Goel's Answer or Response to First Amended Complaint | *Per Waiver of Service of Summons* | Filed on July 2, 2024 |
| First day for propounding Discovery | *≈15 days after Goel's 8/19/24 answer* | September 3, 2024 |
| Exchange of Rule 26(a)(1) Disclosures | *≈15 days after Goel's 8/19/24 answer* | September 3, 2024 |
| Infringement Contentions (*see* Patent L.R. 3-1, 3-2, and 3-5) | *≈15 days after Goel's 8/19/24 answer* | September 3, 2024 |
| Invalidity Contentions (only if Defendant Goel pleads a counterclaim of infringement) (*See* Patent L.R. 3-3, 3-4, and 3-5) | *≈45 days after the Infringement Contentions* | October 18, 2024 |
| Document Production that would accompany Invalidity Contentions (*see* Patent L.R. 3-4; note that Google has not pleaded invalidity of the '217 Patent, so Patent L.R. 3-3 disclosures are not applicable if Defendant Goel does not plead a counterclaim of infringement) | *≈45 days after the Infringement Contentions* | October 18, 2024 |

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER - Case No. 5:24-cv-02160-JD

7

44601\16907223.8

| Exchange of Proposed Terms for Construction (see Patent L.R. 4-1) | ≈14 days after Invalidity Contentions | November 1, 2024 |
|---|---|---|
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence (see Patent L-R 4-2) | ≈21 days after Proposed Terms for Construction | November 22, 2024 |
| Deadline to Request Leave to Designate Additional Terms for Construction (see Standing Order for Claim Construction in Patent Cases Before Judge James Donato) | ≈2 weeks before prehearing statement | December 3, 2024 |
| Damages Contentions (see Patent L.R. 3-8) | ≈50 days after the Invalidity Contentions | December 9, 2024 |
| Claim Construction Expert Report (see Patent L.R. 4-3) | ≈60 days after the Invalidity Contentions | December 17, 2024 |
| Joint Claim Construction and Prehearing Statement (see Patent L.R. 4-3) | ≈60 days after the Invalidity Contentions | December 17, 2024 |
| Responsive Damages Contentions (see Patent L.R. 3-9) | ≈30 days after the Damages Contentions | January 8, 2025 |
| Completion of Claim Construction Discovery (see Patent L.R. 4-4) | ≈30 days after the Joint Claim Construction and Prehearing Statement | January 16, 2025 |
| Opening Claim Construction Brief (see Patent L.R. 4-5(a)) | ≈45 days after the Joint Claim Construction and | January 31, 2025 |

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] ORDER - Case No. 5:24-cv-02160-JD    8    44601\16907223.8

| | *Prehearing Statement* | |
|---|---|---|
| Responsive Claim Construction Brief (*see* Patent L.R. 4-5(b)) | *≈14 days after Opening Brief* | February 14, 2025 |
| Reply Claim Construction Brief (*see* Patent L.R. 4-5(c)) | *≈7 days after Responsive Brief* | February 21, 2025 |
| Amended, Final Joint Claim Construction Statement (if needed) (*see* Standing Order for Claim Construction in Patent Cases Before Judge James Donato) | *≈14 days after Responsive Brief* | February 28, 2025 |
| Written Technology Synopsis (*see* Standing Order for Claim Construction in Patent Cases Before Judge James Donato) | *≈7 days before Tutorial* | 7 days before Tutorial |
| Tutorial | *To be scheduled by the Court* | To be scheduled by the Court |
| Exchange of Exhibits For Claim Construction Hearing (*see* Standing Order for Claim Construction in Patent Cases Before Judge James Donato) | *No later than 48 hours prior to hearing* | 48 hours prior to hearing |
| Damages Meeting & Damages Meeting Certification (*see* Patent L.R. 3-10) | *≈60 days after the Responsive Damages Contentions* | March 10, 2025 |
| Claim Construction Hearing (*see* Patent L.R. 4-6 and Standing Order for Claim Construction in Patent Cases Before Judge James Donato) | *Following Tutorial* | March 14, 2025, subject to the Court's availability |

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER - Case No. 5:24-cv-02160-JD    9

44601\16907223.8

| | | |
|---|---|---|
| Subsequent Case Management Status Report (*see* Standing Order for Claim Construction in Patent Cases Before Judge James Donato) | *To be scheduled by the Court* | To be scheduled by the Court |
| Close of Fact Discovery | *≈2 months after the claim construction hearing* | June 16, 2025 |
| Discovery Motions Relating to Fact Discovery (Civ. L.R. 37-3) | *≈7 days after close of fact discovery* | June 23, 2025 |
| Opening Expert Reports | *≈3 weeks after close of fact discovery* | July 7, 2025 |
| Rebuttal Expert Reports | *≈30 days after opening expert reports* | August 6, 2025 |
| Close of Expert Discovery | *≈3 weeks after the rebuttal expert reports* | August 27, 2025 |
| Discovery Motion Relating to Expert Discovery (Civ. L.R. 37-3) | *≈7 days after close of expert discovery* | September 3, 2025 |
| Dispositive/Daubert Motions | *≈5 weeks after close of expert discovery* | October 1, 2025 |
| Opposition to Dispositive/Daubert Motions (Civ. L.R. 7-3 (a)) | *≈14 days after motion filed* | October 15, 2025 |
| Reply in Support of Dispositive/Daubert Motions (Civ. L.R. 7-3(c)) | *≈7 days after opposition due.* | October 22, 2025 |
| Hearing on summary judgment/*Daubert* briefs (Civ. L.R. 7-2(a)) | *≈35 days after motion filed* | November 6, 2025 |

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER - Case No. 5:24-cv-02160-JD     10

44601\16907223.8

| | | |
|---|---|---|
| Lead Trial Counsel Conference Regarding Preparation of Joint Pretrial Materials (*see* Standing Order for Civil Jury Trials Before Judge James Donato) | *≈30 days before Pretrial Filings Due Date* | November 4, 2025 |
| Service of Motions in Limine (*see* Standing Order for Civil Jury Trials Before Judge James Donato) | *≈14 days before Pretrial Filings Due Date* | November 20, 2025 |
| Service of Oppositions to Motions in Limine (*see* Standing Order for Civil Jury Trials Before Judge James Donato) | *≈4 days before Pretrial Filings Due Date* | November 28, 2025 |
| Pretrial Filings Due Date (*see* Standing Order for Civil Jury Trials Before Judge James Donato) | *≈14 days before Final Pretrial Conference* | December 4, 2025 |
| Chambers Copies of Pretrial Filings (*see* Standing Order for Civil Jury Trials Before Judge James Donato) | *Noon, day after Pretrial Filings Due Date* | December 5, 2025 at noon |
| Microsoft Word Version of Proposed Voir Dire Questions (*see* Standing Order for Civil Jury Trials Before Judge James Donato) | *Noon day after Pretrial Filings Due Date* | December 5, 2025 at noon |
| Meet & Confer Regarding Deposition and Discovery Designations (*see* Standing Order for Civil Jury Trials Before Judge James Donato) | *≈21 days before trial* | December 16, 2025 |
| Final Pretrial Conference (*see* Standing Order for Civil Jury Trials Before Judge James Donato) | *Thursday at 1:30 p.m., 19 days before the start of trial.* | December 18, 2025 at 1:30 p.m., subject to the availability of the Court. |
| Excerpts of Deposition and Discovery Designations (*see* Standing Order for Civil Jury Trials Before Judge James Donato) | *≈5 days before trial* | December 31, 2025 |

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER - Case No. 5:24-cv-02160-JD

11

44601\16907223.8

| | | |
|---|---|---|
| Counter-Designations or Objections (*see* Standing Order for Civil Jury Trials Before Judge James Donato) | ≈5 days before trial | December 31, 2025 |
| Trial (*see* Standing Order for Civil Cases Before Judge James Donato) | ≈18 months after CMC | January 6, 2026, subject to the availability of the Court. |

## XVI. TRIAL

Google has requested a jury trial. The parties expect that the trial will require approximately 22 hours, which is equivalent to 1 calendar week under the Court's standing order.

## XVII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

### A. Google's Disclosure

Google has filed its Certification of Conflicts and Interested Entities or Persons required by Civil Local Rule 3-15. Dkt. 4. Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company; no publicly traded company holds more than 10% of Alphabet Inc.'s stock. Google certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including, but not limited to, parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

- Google LLC
- XXVI Holdings Inc., Holding Company of Google LLC
- Alphabet Inc., Holding Company of XXVI Holdings Inc.

### B. Goel's Disclosure

Goel has filed its Certification of Conflicts and Interested Entities or Persons required by Civil Local Rule 3-15. Dkt. 21. Goel is an individual and is the sole owner of the patent, and so has the only financial interest in the subject matter in controversy or a non-financial interest in the subject matter that could be substantially affected by the outcome of this proceeding.

## XVIII. PROFESSIONAL CONDUCT

Counsel have reviewed and are familiar with the guidelines.

## XIX. OTHER MATTERS.

The parties will discuss ways to facilitate the just, speedy and inexpensive disposition of this matter, as appropriate.

## XX. ADDITIONAL INFORMATION PURSUANT TO PATENT LOCAL RULE 2-1(B)

Pursuant to Patent Local Rule 2-1(b), the parties address the following topics:

### A. Proposed Modifications to the Obligations or Deadlines Set Forth in the Patent Local Rules.

None other than modifications identified in the proposed case schedule at Section XV. Google has not pleaded invalidity of the '217 Patent, and therefore, the disclosures of Patent L.R. 3-3 (Invalidity Contentions) have been omitted from the schedule. However, if Defendant Goel pleads a counterclaim of infringement, Google reserves the right to plead a defense and counterclaim of invalidity, and if Google pleads as such, it will provide the required disclosures under Patent L.R. 3-3 (Invalidity Contentions).

### B. Scope and Timing of Any Claim Construction Discovery.

The parties' proposed schedule, set forth above, includes a proposed deadline for claim construction discovery. In addition, unless otherwise ordered by the Court, any party that intends to rely on any witness who will give expert testimony to support that party's proposed constructions shall serve the other party or parties with a claim construction expert report for that witness. Such reports shall comply with the disclosure requirements of Fed. R. Civ. P. 26(A)(2)(B).

### C. Format of the Claim Construction Hearing.

The parties propose that the Claim Construction Hearing consist of a two-hour presentation, with equal time allotted to each party. The parties propose that the Party advancing a construction for a particular term be permitted to go first, followed by the opposing party, followed by rebuttal from the proposing party.

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER - Case No. 5:24-cv-02160-JD

13

44601\16907223.8

D. **How the Parties Intend to Educate the Court on the Technology at Issue.**

The parties anticipate presenting a technology tutorial of 30-45 minutes per side, per the Court's Standing Order for Claim Construction in Patent Cases. The parties do not currently anticipate live testimony at the technology tutorial.

E. **Non-Binding, Good-Faith Estimate of Damages Range.**

    1. **Google's Estimate**

Google believes that no damages are available in this case. Google is entitled to the relief identified in Section XI. Google reserves the right to respond to any damages allegations or analysis provided by Goel.

    2. **Goel's Estimate**

Goel is not interested in any damages in this case. Goel reserves the right to respond to any damages allegations or analysis provided by Google.

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER - Case No. 5:24-cv-02160-JD

14

44601\16907223.8

| | | |
|---|---|---|
| 1 | Dated:  July 5, 2024 | FARELLA BRAUN + MARTEL LLP |
| 2 | | |
| 3 | | By:   /s/ Eugene Y. Mar   |
| | | Eugene Y. Mar |
| 4 | | |
| 5 | | Eugene Y. Mar (State Bar No. 227071) |
| | | emar@fbm.com |
| 6 | | Daniel C. Callaway (State Bar No. 262675) |
| | | dcallaway@fbm.com |
| 7 | | Thomas J. Pardini (State Bar No. 313401) |
| | | tpardini@fbm.com |
| 8 | | Victoria Constance Huang (State Bar No. 335557) |
| | | vhuang@fbm.com |
| 9 | | Farella Braun + Martel LLP |
| | | One Bush Street, Suite 900 |
| 10 | | San Francisco, California 94104 |
| | | Telephone: (415) 954-4400 |
| 11 | | Facsimile: (415) 954-4480 |
| 12 | | Attorneys for Plaintiff GOOGLE LLC |
| 13 | | |
| 14 | Dated:    July 5, 2024 | MURTHY PATENT LAW INC. |
| 15 | | By:   /s/ Karthik K. Murthy   |
| 16 | | Karthik K. Murthy |
| | | K@MurthyPatentLaw.com |
| 17 | | 3984 Washington Blvd. |
| | | Suite 324 |
| 18 | | Fremont, CA 94538 |
| 19 | | Telephone: (425) 968-5342 |
| | | Facsimile: (425) 215-0247 |
| 20 | | |
| 21 | | Attorneys for Defendant Surendra Goel |

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER is approved as the Case Management Order for this case, and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

Dated:

_____
The Honorable James Donato
UNITED STATES DISTRICT JUDGE